## CIRCUIT COURT OF LOUDOUN COUNTY

Janell Maiorana

v.

John A. Maiorana

January 23, 1989

Case No. (Chancery) CJ88-26

By JUDGE THOMAS D. HORNE

This case is before the Court on an appeal from the Juvenile and Domestic Relations General District Court. By order entered December 7, 1988, that Court reversed the decision of Jennifer B. Smith, hearing officer of the Division of Child Support Enforcement Programs and dismissed the Notice and Finding of Financial Responsibility of August 5, 1987. Upon a consideration of the evidence presented on appeal, the Court is of the opinion that the decision of the judge of the lower court is correct and that the Notice and Finding of Financial Responsibility should be dismissed.

By Decree entered July 30, 1984, Janell Maiorana obtained a divorce from her husband, John A. Maiorana, in the District Court of Bexar County, 225th Judicial District, Texas. Mr. Maiorana was served pursuant to the Texas "long arm" statute which provides for personal jurisdiction over nonresidents in divorce cases where, *inter alia*, "there is any basis consistent with the constitutions of this state and the United States for the exercise of personal jurisdiction." Tex. Fam. Code Ann. Sec. 3.26. Service was made on Mr. Maiorana at his place of employment in Tinton Falls, Monmouth County, New Jersey, on May 25, 1984.

The Court finds from the evidence that Mr. Maiorana had at no time during the marriage or subsequent to the separation resided in the state of Texas, cohabited with Mrs. Maiorana in the state of Texas, or owned real estate in the state of Texas. A careful review of the evidence demonstrates that he possessed none of the "minimum contacts" necessary for the exercise of *in personam* jurisdiction over Mr. Maiorana. *Kulko v. Superior Court of California*, 436 U.S. 84 (1978).

The Court believes the fact that Texas had adopted a special appearance statute to be of no consequence in this case. Mr. Maiorana never made an appearance in the case. He was under no obligation to do so, nor could Texas through a procedural "end-around" circumvent his constitutional right to due process of law. There is nothing in the record which would indicate that Mr. Maiorana waived any objection to the jurisdiction of the Texas Court or is otherwise estopped to deny the effect of the support award.

As both counsel have observed, Virginia recognizes the doctrine of "divisible divorce." *See, e.g., Newport v. Newport*, 219 Va. 48 (1978). Thus, while the Texas court was empowered to dissolve the marriage and award custody, it had no jurisdiction to order support. *See, Kulko, supra.* As the court was without the power to decree support, the finding that a financial responsibility exists is plainly wrong and will be dismissed. While the hearing officer was without authority to render an opinion as to the validity of the Texas Support Decree, to the extent such decision reflects an affirmation of a duty of support under the Texas Decree, it is reversed. *See* Section 63.1-267.1, Code of Virginia, as amended.

As the payments heretofore made were made pursuant to an invalid support order, there is no need for this Court to determine the issue of arrearages.